[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10017

Non-Argument Calendar

_____

REHABILITATION HOSPITAL OF PHENIX CITY, LLC,
d.b.a. Regional Rehabilitation Hospital,

Plaintiff-Appellant,

*versus*

SECRETARY, UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

D.C. Docket No. 3:22-cv-00660-RAH-CWB

————————————

Before WILLIAM PRYOR, Chief Judge, and LAGOA and WILSON, Circuit Judges.

PER CURIAM:

Rehabilitation Hospital of Phenix City, LLC, appeals the denial by the Secretary of the Department of Health and Human Services of coverage for inpatient rehabilitation services. 42 U.S.C. §§ 405(g), 1395ff(b)(1)(A). It argues that the decision of the Medicare Appeals Council was arbitrary and capricious and ignored clear errors of law. We affirm.

Rehabilitation Hospital provided inpatient rehabilitation services to 22 patients and sought reimbursements under Medicare. Following unfavorable initial, redetermination, and reconsideration decisions, Rehabilitation Hospital appealed the denials of coverage to administrative law judges. In each of the 22 appeals, the administrative law judges determined that Medicare did not cover the inpatient rehabilitation services and found Rehabilitation Hospital financially liable.

Rehabilitation Hospital appealed each denial to the Medicare Appeals Council and stated in each appeal that "[t]he beneficiary met the criteria for admission to the [inpatient rehabilitation facility]. The ALJ's decision did not take into account all testimony provided at the hearing. We reserve the right to file a supplemental brief pursuant to 405.1120." Rehabilitation Hospital did not file

supplemental briefs. The Appeals Council declined to consider the merits of the appeals and affirmed the decisions due to the failure by Rehabilitation Hospital to identify the parts of the decisions with which it disagreed and because it found no clear error on the face of the decisions.

Rehabilitation Hospital sought review in the district court. The parties filed cross-motions for summary judgment. Rehabilitation Hospital argued that the Council erred in ruling it failed to identify the parts of the decisions with which it disagreed, acted arbitrarily and capriciously by treating it differently from similarly situated parties, and ignored clear errors of law. The district court granted summary judgment for the Secretary. It ruled that Rehabilitation Hospital failed to comply with section 405.1112(b) by not identifying the parts of the decisions with which it disagreed and by filing identical conclusory statements for each appeal. It also ruled that the Appeals Council had not treated Rehabilitation Hospital differently than other similarly situated providers. It rejected the arguments that the Appeals Council failed to correct any clear legal error.

We review the Secretary's decision to see if it is "arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence in the record taken as a whole." *Fla. Med. Ctr. of Clearwater, Inc. v. Sebelius*, 614 F.3d 1276, 1280 (11th Cir. 2010) (citation and internal quotation marks omitted).

Rehabilitation Hospital argues that it satisfied the requirements of section 405.1112(b). We disagree. The Appeals Council did not err.

When interpreting a regulation, we begin with its plain language. *Dotson v. United States*, 30 F.4th 1259, 1265 (11th Cir. 2022). "[W]e evaluate whether the plain language of the regulation unambiguously answers the question at issue when we consider the regulatory language itself, the particular context in which that language appears, and the broader context and purpose of the regulatory scheme as a whole." *Id.* at 1265–66 (citation and internal quotation marks omitted). Section 405.1112(b) requires that appellants "identify the parts of the . . . [decision] with which the party requesting review disagrees and explain why he or she disagrees with the . . . decision." 42 C.F.R. § 405.1112(b). It also provides that "if the party requesting review believes that the . . . [decision] is inconsistent with a statute, regulation, CMS Ruling, or other authority, the request for review should explain why the appellant believes the [decision] is inconsistent with that authority." *Id.* The regulation states that "[t]he Council will limit its review . . . to those exceptions raised by the party in the request for review." *Id.* § 405.1112(c).

Section 405.1112(b) was adopted because the review by the Appeals Council had become "very time and labor intensive, including examination of aspects of the decision with which the party may not actually disagree." *Medicare Program: Changes to the Medicare Claims Appeal Procedures*, 67 Fed. Reg. 69,312, 69,335 (Nov. 15, 2002). Indeed, "many of the requests for review state[d] only

general reasons for appealing, such as 'I disagree with the ALJ's decision' or 'The decision is not supported by the evidence and is inconsistent with the law.'" *Id.* The regulation enables the Appeals Council "to provide an efficient and focused review of those aspects of an ALJ's action with which the party disagrees." *Id.* at 69,336.

Rehabilitation Hospital failed to comply with the unambiguous terms of section 405.1112(b). It failed to identify the specific parts of the decision with which it disagreed and explain why it disagreed with the decision. The plain language of the regulation states that a party "must identify the parts" of a decision it disagrees with and "explain why he or she disagrees" with the decision. 42 C.F.R. § 405.1112(b). Review is limited "to those exceptions raised by the party." *Id.* § 405.1112(c). To the extent it is unclear what level of detail is sufficient, the regulation provides an example regarding legal authority: if a decision is inconsistent with a statute or regulation, "the request for review should explain why the appellant believes the [decision] is inconsistent with that authority." *Id.* § 405.1112(b). This language calls for a specific disagreement with citation to specific legal authority. Section 405.1112 was adopted to focus "review of those aspects of a[] [decision] with which the party disagrees," and eliminate "general reasons for appealing." 67 Fed. Reg. at 69,335–36. Under the regulation, a party must identify a specific error in the decision and explain why that part of the decision is wrong.

Rehabilitation Hospital's generic statement in 22 different appeals that the beneficiaries met the criteria for admission and the "decision did not take into account all testimony provided at the hearing" was insufficient. That conclusory statement is akin to stating that "[t]he decision is not supported by the evidence and is inconsistent with the law." *Id.* at 69,335. Rehabilitation Hospital argues that by stating the beneficiaries met the criteria for admission to the inpatient rehabilitation facility it identified the part of the decision with which it disagreed because each decision involved both a coverage determination and a determination regarding financial liability. But the decisions focused on the coverage determination with only brief discussion of financial liability. And those coverage determinations were based on specific findings regarding four eligibility criteria, which Rehabilitation Hospital did not challenge. *See* 42 C.F.R. § 412.622(a)(3)(i)-(iv).

Rehabilitation Hospital further argues that by stating that it disagreed with the coverage determination based on all the testimony at the hearing it explained its reasoning. But that statement does not explain why Rehabilitation Hospital believed the decision was inconsistent with the record. In fact, all 22 appeals used the same statement despite different administrative law judges, records, and beneficiaries.

Rehabilitation Hospital's arguments that requiring a specific explanation imposed a requirement of briefing and is inconsistent with the short appeal form are unpersuasive. To be sure, briefs or "other written statements about the facts and law relevant to the

case" are voluntary. 42 C.F.R. § 405.1120. But Rehabilitation Hospital could have identified the arguments it raises on appeal—that the administrative law judge incorrectly found that beneficiaries were ineligible for admission because their medical conditions were stable and that the administrative record was incomplete— in one sentence without a brief.

Rehabilitation Hospital also argues the Appeals Council's decision was arbitrary and capricious because the Council treated other appellants who did not comply with section 405.1112(b) differently. We disagree. An agency may not act in a way that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The Secretary may not treat similarly situated parties differently without a reasonable basis for doing so. *See Sarasota Mem. Hosp. v. Shalala*, 60 F.3d 1507, 1513 (11th Cir. 1995). Rehabilitation Hospital argues it was treated differently from two other appellants who failed to comply with section 405.1112(b). *See In re All Care Home Health*, No. M-11-2187 (HHS Apr. 16, 2013); *In re Jefferson Surgical Clinic, Inc.*, No. M-11-1480 (HHS Sept. 4, 2012). But neither decision evidences disparate treatment.

In *In re All Care Home Health*, the Appeals Council ruled that a request for appeal did not comply with section 405.1112(b), described the factual and procedural background of each appeal, and adopted the administrative law judges' decisions without analysis. Although the Appeals Council added more factual detail than in

Rehabilitation Hospital's case, in both circumstances it conducted the same analysis.

In *In re Jefferson Surgical Clinic, Inc.*, the Appeals Council ruled that a request for review did not comply with section 405.1112(b) but found it necessary to modify the administrative law judge's decision to expand its reasoning while largely accepting its conclusions. In contrast, in Rehabilitation Hospital's case, the Appeals Council did not perceive a need to modify the decision before adopting it. That adoption was not arbitrary and capricious.

Rehabilitation Hospital also argues the Appeals Council ignored clear errors of law because several administrative records were incomplete and several administrative law judges found that beneficiaries were ineligible because their medical conditions were stable. But Rehabilitation Hospital failed to exhaust these issues. "Administrative review schemes commonly require parties to give the agency an opportunity to address an issue before seeking judicial review of that question." *Carr v. Saul*, 593 U.S. 83, 88 (2021). Issue exhaustion is typically mandated by agency regulation. *Id.* As Rehabilitation Hospital concedes, the Medicare regulations generally require exhaustion of an issue before the Appeals Council to preserve review in the federal courts. *See Palm Valley Health Care, Inc. v. Azar*, 947 F.3d 321, 327–28 (5th Cir. 2020) (holding that section 405.1112 mandates issue exhaustion). Rehabilitation Hospital did not argue that the decisions improperly relied on patients' stability or that the records were incomplete in its requests for review before the Appeals Council.

25-10017                    Opinion of the Court                    9

Rehabilitation Hospital argues that the agency rules carve out an exception to the exhaustion requirement when a decision shows on its face that a "clear error of law" has been made. *See* 67 Fed. Reg. at 69,336 (stating the Appeals Council will adopt the decision unless it "contains on its face a clear error of law"). But the fact that the Appeals Council is permitted to remedy a "clear error of law" does not mean Rehabilitation Hospital was not required to raise these issues before the Appeals Council. The party must still inform the Appeals Council that it maintains that a ruling "is inconsistent with a statute, regulation, CMS ruling, or other authority." 42 C.F.R. § 405.1112(b). "To allow [Rehabilitation Hospital] to litigate an issue in federal court that it did not present to the Appeals Council would inappropriately bypass the agency's internal requirement." *Palm Valley Health Care*, 947 F.3d at 327 (citation and internal quotation marks omitted, alteration adopted).

We **AFFIRM** the denial of coverage for inpatient rehabilitation services.